**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

In re:

RICHARD MARTIN LEWISTON

    Debtor

Case No. 12-58599-pjs
Chapter 7
Hon. Phillip J. Shefferly

_____/

RICHARDS-PITT, L.L.C., GREGORY RICHARDS
CS TRUST and GREGORY RICHARDS MARITAL
TRUST,

    Plaintiffs,

vs.

Adv. Proc. No. 12-06004

RICHARD MARTIN LEWISTON,

    Defendant.

and

GENE R. KOHUT, Chapter 7 Trustee for the
Bankruptcy Estate of Richard Martin Lewiston,

    Nominal Defendant.

_____/

**CHAPTER 7 TRUSTEE'S REPLY BRIEF IN SUPPORT OF**
**CHAPTER 7 TRUSTEE'S MOTION TO DISMISS PLAINTIFFS**
**GREGORY RICHARDS CS TRUST AND GREGORY RICHARDS**
**MARITAL TRUST FOR LACK OF STANDING**

    Nominal Defendant Gene R. Kohut, Chapter 7 Trustee ("<u>Trustee</u>"), through counsel, Wolfson Bolton PLLC, for his Reply Brief in Support of Chapter 7 Trustee's Motion to Dismiss Plaintiffs Gregory Richards CS Trust and Gregory Richards Marital Trust for Lack of Standing[1] [Docket No. 62], states:

---

[1] Capitalized terms used but not defined have the meanings given them in the Motion.

## I. INTRODUCTION

A motion to dismiss for lack of standing requires a court to read a complaint in the light most favorable to the non-moving party; it does not require the court to discern claims that *could have been* pled.

Plaintiffs' 11 U.S.C. § 523 action against Lewiston should be dismissed because Plaintiffs Gregory Richards CS Trust and Gregory Richards Marital Trust (collectively, the "Trusts") do not hold a debt or claim against Lewiston. Plaintiffs allege that Lewiston improperly diverted funds from five different limited liability companies in which the Trusts are alleged interest holders.[2] The Trusts do not allege facts supporting a conclusion that they were injured individually. They are not entitled to directly recover the damages they allege Lewiston caused the companies in which the Trusts are interest holders. Therefore, Plaintiffs should be dismissed from this suit under Fed. R. Civ. P. 12(b)(1) for lack of constitutional and prudential standing.

## II. DISCUSSION

### A. The Trusts allege Lewiston improperly diverted funds from several limited liability companies; Plaintiffs sustained a loss, if any, only indirectly as interest holders in those companies.

The Trusts allege that they have set forth direct claims for damages against Lewiston. (Response, p. 11 of 16). However, these arguments belie the allegations of Plaintiffs' Complaint.

Throughout the Complaint, the Trusts allege Lewiston improperly diverted funds from several LLCs in which the Trusts allegedly maintain ownership interests.[3] For instance, Plaintiffs claim that the intercompany loans detailed in the companies' tax returns and K-1 forms

---

[2] The five different limited liability companies are Peninsula Development Associates, L.L.C., Summer Park Associates, L.L.C., FQA Associates L.L.C., JGR Associates, L.L.C., and Tremont Park Associates, L.L.C. *See* Brief in Support of Motion to Dismiss Parties, p. 2.

[3] Plaintiffs rely on numerous exhibits to support their claims, but these exhibits were not attached to the Complaint. "For purposes of ruling on a motion to dismiss for want of standing, both the trial and reviewing courts must accept as true all material allegations of the **complaint**, and must construe the **complaint** in favor of the complaining party." *Warth v. Seldin*, 422 U.S. 490, 501 (1975) (emphasis added).

"were the funds that Lewiston diverted for his or his family's own benefit" (Complaint, ¶ 37(B)), that "Lewiston failed to disclose his diversion of funds from the companies in which Plaintiffs maintain ownership interests with Lewiston" (Complaint, ¶ 38), that Lewiston circumvented "Plaintiffs out of distributions and other funds pertaining to their ownership interests in the various companies with Lewiston" (Complaint, ¶ 40), that "Lewiston diverted more than $1.6 million" from the companies in which the Trusts allegedly maintain ownership interests (Complaint, ¶ 61), and that the value of Summer Park was worthless "due to Lewiston's actions diverting funds for his and his family's benefit" (Complaint, ¶ 67(B)).

The allegations of Lewiston's improper diversion of funds from the LLCs in which the Trusts allegedly maintain ownership interests only continue. Indeed, the word "diverted" is stated no less than seventeen times in the Complaint. The Trusts Response reiterates: "[T]he Trusts' Proofs of Claim are based upon their personal damages **in connection with Lewiston's diversion of funds from Apartments at Cambridge**."[4] (Response, p. 11 of 15) (emphasis added). These allegations may support the inference that the companies in which the Trusts are alleged interest holders were injured by Lewiston's actions, but they do not support the inference that the Trusts, as interest holders in the companies, are owed a debt by Lewiston. Therefore, Plaintiffs should be dismissed for lack of constitutional and prudential standing.

    **B.    Plaintiffs have not pled shareholder oppression.**

In response to the Trustee's argument that the Trusts lack standing to prosecute their 11 U.S.C. § 523 claims against Lewiston, the Trusts argue that MCL § 450.4515 confers standing upon them. This argument again ignores the allegations of Plaintiff's Complaint, which does not mention shareholder oppression under MCL § 450.4515.

---

[4] To be clear, the Complaint does not allege that the Trusts maintain an ownership interest in Apartments at Cambridge Company, L.L.C. The Trustee assumes that the Trusts were referring to the limited liability companies in which the Trusts maintain ownership interests when it referenced Apartments at Cambridge. Regardless, the allegation is insufficient to confer standing on the Trusts.

Plaintiffs contend that a member of a limited liability company may sue other members for willfully oppressive and unfair conduct under MCL § 450.4515. This may be true, but it is irrelevant to the Motion. A limited liability company is a distinct legal entity from its members, and Plaintiffs have not alleged direct harm. The existence of MCL § 450.4515 – and any other unpled statutes – does not change this fact.

Further, this is an 11 U.S.C. § 523 action, not a MCL § 450.4515 action. Under § 523(c)(1), a debtor will be discharged from his/her debts unless, "on request of the creditor to whom such debt is owed . . . the court determines such debt to be excepted from discharge." The Trusts are not creditors within the meaning of § 523 because they allege Lewiston directly injured the LLCs in which the Trusts are alleged interest holders. Plaintiffs suffered a loss, if any, only indirectly as interest holders of those companies.

### C. The alter ego doctrine does not apply.

Plaintiffs claim that Lewiston ran the companies he managed as his alter egos, but the doctrine does not apply. Controlling law is clear: "The general rule is that the corporate veil is pierced only for the benefit of third parties, and **never for the benefit of the corporation or its stockholders**." *Spartan Tube & Steel, Inc. v. Himmelspach (In re RCS Engineered Prods.)*, 102 F.3d 223, 227 (6th Cir. 1996) (emphasis added).

Lewiston and the Trusts are alleged interest holders in five different limited liability companies. The Trusts allege Lewiston ran the LLCs as his alter egos and improperly diverted funds from the companies. In effect, Plaintiffs claim Lewiston diverted funds from himself. This argument is axiomatic – "one cannot commit a fraud or wrong against oneself." *Spartan Tube & Steel, Inc.,* 102 F.3d at 226. The alter ego doctrine fastens liability on one who uses a corporation to commit wrongs on third parties dealing with the corporation, not on one who allegedly commits wrongs against the corporation.

Plaintiffs cite *Wells v. Firestone Tire & Rubber Co.*, 421 N.W.2d 670 (Mich. 1984) – a reverse veil-piercing case – to support their claim that interest holders in a limited liability

company may rely on the alter ego doctrine. This interpretation has been rejected by the Sixth Circuit: "**There is simply nothing in the cases to suggest that Michigan courts would allow an alter ego claim to be brought in other than third-party situations**." *Spartan Tube*, 102 F.3d at 226-27 (emphasis added). Therefore, the alter ego doctrine does not confer standing on Plaintiffs.

### III. CONCLUSION

The Trusts allege Lewiston improperly diverted funds from five different limited liability companies in which the Trusts are alleged interest holders. In Michigan, a limited liability company is a distinct legal entity from its interest holders. Even taking the factual allegations in the Complaint as true, Plaintiffs' claim that they were injured individually is not supported. Therefore, the Trusts should be dismissed for lack of constitutional and prudential standing.

Respectfully submitted,

WOLFSON BOLTON PLLC

Dated: September 23, 2013

By: /s/ Scott A. Wolfson
    Scott A. Wolfson (P53194)
3150 Livernois, Suite 275
Troy, MI 48083
Telephone: (248) 247-7103
Facsimile: (248) 247-7099
E-Mail: swolfson@wolfsonbolton.com